We'll move for the final case this morning, Frentz v. Brown. May it please the court. Trial counsel was ineffective in this case for not raising an insanity defense in the murder charge. There was no dispute that the defendant shot and killed Mr. Reynolds, and the defendant had no other legitimate defense to the murder. Even trial counsel conceded as much in the opening statement that the state's case was 99.9% true and the defendant's version of the events was cockamamie and ridiculous. What trial counsel could have presented was testimony like forensic psychiatrist like Dr. Mossbaum, who found the defendant at the time of the crime was suffering from a serious mental disorder and was of an unsound mind and unable to appreciate the wrongfulness of his conduct. This was due to withdrawal of alcohol, causing the defendant to have delirium tremors, DTs as they're known, and hallucinations. This case is a classic, what they call in Indiana, a fixed and settled insanity based on the withdrawal of alcohol. It is a serious mental disorder, and it's not just based on mere consumption of alcohol. Dr. Mossbaum based his opinion not only on the interview of the defendant, but substantial contemporaneous information that was in the record. And I think that's one of the critical points in this case. First, he considered the medical report, reports from Washington County Hospital. If I could interrupt for a minute. Trial counsel, it's undisputed, did consult with an expert on the issue of insanity and in fact filed an insanity, an intent to advance insanity defense in the case and withdrew it because the expert wouldn't support it. So I don't know how the state court's decision rejecting this claim can be unreasonable based on the failure of an expert to support the defense. Just because another expert can be found later who supports it isn't ineffective assistance of counsel. Well, our position here is this. Dr. Kuhn's opinion is what you're talking about. Had him examined, found him suffering from the condition of the alcohol withdrawal from the DTs. He found him to be psychotic, but his opinion was inconclusive. And I think this is the critical point in the whole case. Should they have gotten a second opinion based on the record that was already in this case? Wouldn't that have been futile though because the defendant, petitioner, was not able or willing to share pertinent information with the examiner regarding the incident itself? I don't believe that's, the record doesn't indicate that. I think he was, he testified, I mean he was examined by Kuhn's and Kuhn's reached an opinion that he was psychotic. But Kuhn said that because the defendant was unable to give sufficient information regarding his state of mind at the exact time of the shooting that he was unable to render a specific opinion. Yeah, but he was also hallucinating. I mean it's hard to put, I mean the DTs, I mean he was giving multiple stories. Right, but the question is what would another examination have produced? Well, another expert can look at the data and look at this record and determine that he was insane. And what if that one was inconclusive as well? You know, that's a real good question because I thought about that question. Maybe after that then the two inclusives means that nobody can reach an opinion. But one has done that, Dr. Musgrove. The state court discredited his opinion as being based on selective and incomplete information. I don't think it was all that select, I mean that's one of the points. Well, right, but the question is whether that was at least a reasonable way to look at the evidence. You have to demonstrate that that's an unreasonable way to deal with Dr. Musgrove's report. Absolutely, and I think that it is unreasonable because of the medical records that already existed. He considered the Washington County medical records. He talked to one of the officers, Lass Brooks, who indicated that he was only dressed in a shirt and underwear and appeared to be disoriented and unorganized. Also, Dr. Musgrove considered the fact that there was no cover up here. He called the police, he didn't hide the weapon, didn't wipe off fingerprints. He also considered Dr. Kuhn's opinion that he was psychotic and was going from the withdrawals. And I think that is enough to reach a fair opinion that he's insane at the time. They also point out, and I think the state argues, that it was selective because he didn't consider two other officers. But those two other officers, one of them is Mike Dixon, who actually, I believe, knew the defendant and reached the conclusion when he saw him on the scene that he appeared somewhat disoriented, his speech to be somewhat slurred compared to the other times that he had known him. And Officer Bill Flick said the same thing, consistent to the same evidence. So the fact that he didn't consider that evidence, but that evidence is actually supportive of Indiana's fixed and settled insanity. Bill Flick said, well, he was somewhat disoriented at times and chronologically time and things of that nature was somewhat confused. So I mean, and also the reality of this particular trial itself was that not only he dismissed, the opinion of Dr. Kuhn's dismissed it by here, the lawyer went ahead and argued basically that he alluded that he was insane. He talked about him being, he talked about him at the closing argument. He said that the defendant was disoriented, talking out of his head, sweating, talked about his hallucinations. He said the hallucinations were real here. That's an insanity defense. I'm a little confused because the issue presented to the district judge, as I understand it, was that counsel was ineffective for not formally presenting an insanity defense and perhaps utilizing expert witness testimony and seeking a jury instruction, formally presenting it to the jury. Where now, before us, your position I think has taken a slightly different tact and that's a failure to obtain a second opinion, a failure to investigate. That's correct, but it's still the same ineffectiveness. Yes, it is a slightly different spin, but I think it's still covered by the general umbrella of ineffectiveness of Strickland and Wiggins and Rumpala. But isn't the timing of the trial counsel's decision to withdraw the insanity defense and not call the expert witness suggests that it was a matter of strategy because it came at the heels of the government indicating that they were going to then have their independent witness examine the defendant and then be able to be in a position possibly to rebut any of this formal insanity defense. And so therefore, the trial attorney could preserve this argument and make it as he did, but also preserve other arguments. In other words, he was presenting it as intent, but he was also raising other issues. I thought the trial counsel's position was preposterous. He was arguing a form of insanity without an expert. And in fact, even if he didn't have, even if he didn't get a separate opinion, a second opinion, he didn't have to withdraw the way it was originally etched out, withdraw the motion for this insanity defense because under Indiana law, the court would then have to point to other experts. And then he would effectively get a second opinion. I mean, without getting an opinion that the defendant was insane, without raising that defense, he had no defense at all. Well, but the Indiana judges and the court of appeals said the opposite. They said there was no error. Excuse me? That there was no error in doing that. Well, that's what this case is about. Well, I understand that's what it's about. But we give deference under our law. Absolutely, you have to give deference. We have to meet either D1 or D2. There's no question. And in our position, it is unreasonable. Under this record, when the lawyer gets up, I think my time is up. May I finish the question? Go ahead. Makes an argument, basically, that he is insane by saying he's elucidating. And the elucidations are real. He should not be making that argument without an expert. Thank you. Thank you. You have some time left for rebuttal. I was going to go next. May it please the court. This court should affirm the denial of habeas relief by the district court. The Indiana courts reasonably determined that the defendant was not denied the ineffective assistance of counsel under the standard announced in Strickland v. Washington. Here, counsel investigated a defense of insanity. And he actually hired a witness outside the formal procedure for that so he could get expert opinion that wouldn't be available to the state unless he used it. After consulting with that expert, he withdrew any formal defense of insanity because I think reasonably it can be seen as he didn't want to have the defendant examined by two independent experts. He wanted to still be able to argue that he was hallucinating, something was going on, and so he didn't form the mens rea, the knowing or intentional part of the murder. So he was able to argue that without having any expert testimony saying to the contrary. And looking at the deposition of Dr. Coons, Dr. Coons opined that there was evidence from the record that the defendant knew right from wrong. And so that was why he couldn't come to a conclusion that the defendant didn't know right from wrong at the time he committed the offense. So in light of that, then counsel in the face of the state asking to examine the defendant with its own witness and also in the face of the state's motion to exclude Dr. Coons unless the defendant went through the insanity defense procedure of appointing two court-appointed doctors, the defense counsel made a choice to go forward without the insanity defense. And Dr. Mossbaum, besides being not credited, sheds no shade on that decision because Dr. Mossbaum based his decision on the defendant's story that he gives for the first time five years after the event, which is that he shot in the dark. The defendant had never given this story before to anyone. And in fact, Dr. Coons, the story he gave to Dr. Coons was that he did not shoot Zach and they did not see the shooting happen. So Dr. Mossbaum's opinion was based on evidence that the defendant had never provided to anyone before and was provided without looking at extra evidence that suggests that Dr. Mossbaum's opinion was not credible. One being Dr. Mossbaum puts a lot of emphasis on the fact that there was no cover-up. But we know from other evidence in the record that the defendant put the extra rifle, the .22 caliber rifle, under the victim after he was shot and then went and drove up and down his road so that neighbors would hear traffic coming from his house, two things that he did to try to present evidence that would support his first story to the police. So there was evidence of a cover-up. And Dr. Mossbaum uses that because he didn't look at the detective's opinion or the detective's reports that talked about that evidence when he rendered his opinion. It was reasonable for the state courts not to credit Dr. Mossbaum's testimony. But even without that, it was reasonable for the courts to look at what counsel actually did at the trial, how he litigated it, and come to the conclusion that it was a reasonable strategic decision to litigate it the way he did. And because it was reasonable, the district court was correct in denying habeas relief. If there aren't any further questions. I believe so. Thank you, Counsel. Thank you. Thanks for giving me an extra minute. I just wanted to say, once again, I think it's on pages between page 30 and 38 and 40 of Coon's deposition. It's clear. It's inconclusive. And he said maybe his statements that he's making is that he's confused. And that's Dr. Coon's deposition. So I believe our position is that he should have gotten another opinion or at least had not withdrawn the motion so that he could have had it examined again for a second time on this very close case. If there's anything else. That's fine. Thank you very much, Counsel. Thanks to both counsel. The case is taken under advisement and the court will be in recess.